# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

JUBAR T. HOLLEY,
    Petitioner,

v.

No. 3:17-cv-587 VAB

WARDEN ANNE COURNOYER,
    Respondent.

## RULINGS ON PENDING MOTIONS

On April 10, 2017, Jubar T. Holley ("Petitioner" or "Mr. Holley"), then an inmate confined at Enfield Correctional Institution in Enfield, Connecticut, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 against Warden Anne Cournoyer. Mr. Holley contends that his state convictions for criminal possession of a firearm were obtained without probable cause, violate his Fifth Amendment protection against double jeopardy, and violate the Equal Protection Clause of the Fourteenth Amendment. He seeks an order vacating his sentences.

On July 13, 2017, this Court issued an order for Warden Cournoyer to show cause why the relief prayed for in the petition should not be granted. Order to Show Cause, ECF No. 10. After seeking two extensions of time, Warden Cournoyer submitted her response to the petition, a motion to dismiss, ECF No. 21, on December 11, 2017.

Mr. Holley has filed seven motions currently pending before this Court: (1) a motion to enter a default judgment, ECF No. 11; (2) a motion for summary judgment, ECF No.12; (3) a motion for "expedited calendaring" of the petition, ECF No. 13; (4) a motion for a temporary restraining order and/or preliminary injunction, ECF No. 19; (5) a motion for a default judgment,

ECF No. 23; (6) a motion to set aside this Court's order granting Warden Cournoyer an extension until December 11, 2017 to file her response, ECF No. 24; (7) and a motion to strike Warden Cournoyer's motion to dismiss (ECF No. 25).[1]

For reasons stated below, these motions are **DENIED**.

## I. MOTIONS FOR ENTRY OF DEFAULT JUDGMENT AND MOTION TO SET ASIDE SECOND EXTENSION OF TIME AND MOTION TO STRIKE

The Second Circuit has expressed a strong preference for resolving disputes on the merits. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). "A default judgment is the most severe sanction which the court may apply . . . [and] all doubts must be resolved in favor of the party seeking relief from the default judgment." *Id.* (internal quotation marks omitted); *Abreu v. Nicholls*, 368 F. App'x 191, 192 (2d Cir. 2010); *see also Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) ("Dismissal with prejudice is a harsh remedy to be utilized only in extreme situations").

In support of his first motion for a default judgment, Mr. Holley argues that Warden Cournoyer has waived her right to respond to the petition after the Court gave her adequate time to do so. Mot. for Default J., ECF No. 11. On October 20, 2017, however, the Court granted Cournoyer's motion for extension of time until December 8, 2017 to respond to the petition. And, although Mr. Holley is correct that Warden Cournoyer failed to timely submit her response after the Court granted her first request for an extension of time, Mot. for Default J., ECF No. 23, an entry of default would again be moot. The Court already granted Warden Cournoyer's second

---

[1] The motion to strike appears to raise the same procedural argument stated in his motion for default judgment and motion to set aside the extension of time and also addresses the merits of the respondent's motion to dismiss.

2

request for an extension of time until December 11, 2017 to submit her response to the petition, and Warden Cournoyer, indeed, submitted her response on that date. *See* Order, ECF No. 22.

Additionally, Mr. Holley's motion to set aside the order granting the second extension of time and his supporting memorandum do not explain how Warden Cournoyer's failure to timely respond has prejudiced him. He seems to rely solely on the delay caused by Warden Cournoyer, which is an insufficient basis for entering a default judgment. *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) ("[D]elay alone is not a sufficient basis for establishing prejudice . . . [r]ather, it must be shown that delay will result in the loss of evidence, create difficulties of discovery, or provide greater opportunity for fraud or collusion" (internal quotation marks omitted)).

Because Mr. Holley has failed to show any prejudice resulting from Warden Cournoyer's failure to timely respond to the petition, and Warden Cournoyer has now submitted her response, Mr. Holley's motions for default judgment, ECF No. 11 and 23 are **DENIED** as moot. The motion to set aside the order granting an extension of time, ECF No. 24, and motion to strike Warden Cournoyer's motion to dismiss, ECF No. 25, are also **DENIED**.

Mr. Holley's response to the motion to dismiss was due on January 1, 2018, but the Court, *sua sponte*, will extend this deadline until February 2, 2018. To the extent any additional time is required, Mr. Holley should file a motion for extension of time with this Court on or before that date.

## II. MOTION FOR SUMMARY JUDGMENT

In support of his motion for summary judgment, Mr. Holley argues that the record shows no genuine issue of material fact and that he is entitled to judgment as a matter of law. Mot. for Summ. J., ECF No. 12. Because Warden Cournoyer has now filed her response to the

3

petition, summary judgment is premature. The Court will deny the motion without prejudice to Mr. Holley's refiling at a later stage of litigation. *See Delinois v. Wiley*, 98 Civ. 84, 2000 WL 33767754 at *2 (N.D.N.Y. Feb. 2, 2000) (denying summary judgment filed before time to file response to petition was due).

### III. MOTION FOR "EXPEDITED CALENDARING"

In his motion for "expedited calendaring," Mr. Holley argues that Warden Cournoyer "should not be allowed an extension of time to respond [to] or answer the petition" because his confinement violates state and federal law. Mot. to Calendar Unsuspended Habeas, ECF No. 13. The Court's order granting Warden Cournoyer an extension of time until December 8, 2017 to file her response to the petition effectively moots this motion. Mr. Holley's motion for "expedited calendaring" is, therefore, **DENIED** as moot.

### IV. MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

In support of his motion for a temporary restraining order and/or preliminary injunction, Mr. Holley argues that Warden Cournoyer "cannot offer an acceptable reasoning to refute [his] claims of double jeopardy, nor be able to offer any legal authority to support [her] opposition, if any." Mot. for TRO and/or Prelim. Inj., ECF No. 19. He seeks an order from this Court vacating his state sentences and/or releasing him from custody.

"The Court has discretion whether to issue a temporary restraining order where specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and the movant certifies in writing any efforts made to give notice and the reasons why it should not be required." *Oliphant v. Villano*, No. 09 Civ. 862 (JBA) (D. Conn. Feb. 11, 2010), 2010 WL

537749 at *12 (quoting Fed. R. Civ. P. 65(b)). "The purpose of a temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers School Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (internal quotation marks omitted).

The Second Circuit applies similar standards for temporary restraining orders and preliminary injunctions, "and district courts have assumed them to be the same." *See Foley v. State Elections Enforcement Com'n*, No. 10 Civ. 1091 (SRU) (D. Conn. Jul. 16, 2010), 2010 WL 2836722, *3 (quoting *Allied Office Supplies, Inc. v. Lewandowski*, 261 F. Supp. 107, 108 n.2 (D. Conn. 2005). Preliminary injunctive relief is an extraordinary remedy and is never awarded as a matter of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365 (2008); *Johnson v. Newport Lorillard*, No. 01 Civ. 9587 (SAS) (S.D.N.Y. Jan. 23, 2003), 2003 WL 169797, *1. A movant seeking a preliminary injunction must establish (1) irreparable harm in the absence of the injunction and (2) either a likelihood of success of merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996); *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995); *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984). With respect to the first prong, courts will presume that a movant has established irreparable harm in the absence of injunctive relief, when the movant's claim involves the alleged deprivation of a constitutional right. *Jolly*, 76 F.3d at 482; *Mitchell*, 748 F.2d at 806. "In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence." *Johnson*, 2003 WL 169797, *1.

In this case, no temporary restraining order or preliminary injunction is warranted. Because Mr. Holley is seeking an order vacating his sentences and/or releasing him from state custody, a temporary restraining order would essentially change the status quo and grant him all of the relief sought in his petition. *See Oliphant*, 2010 WL 537749 at *12 (noting plaintiff's request for temporary restraining order providing mental health treatment changes, does not preserve, status quo). Moreover, a release from state custody may only be obtained via writ of habeas corpus. *See id.*; *Anderson v. Conn. Super. Ct.*, 01-cv-2214 (SRU), 2003 WL 203152 at *3 (D. Conn. Jan. 26, 2003) ("Release from custody only may be obtained by a writ of habeas corpus.")

Because the relief sought in Mr. Holley's motion is essentially the same relief sought in his petition for writ of habeas corpus, and Warden Cournoyer has now responded to the petition, the Court will proceed to adjudicate the habeas petition. Mr. Holley's motion for a temporary restraining order and/or preliminary injunction is, therefore, **DENIED**.

## V. CONCLUSION

Mr. Holley's motions for default judgment, ECF No. 11 and 23 are **DENIED** as moot. The motions for an expediting calendaring, ECF No. 13; a preliminary injunction and/or temporary restraining order, ECF No. 19; to set aside extension of time, ECF No. 24; to strike, ECF No. 25, are **DENIED**. Mr. Holley's motion for summary judgment, ECF No. 12, is **DENIED** without prejudice The Court, *sua sponte*, will extend the deadline for Mr. Holley's Response to Respondent's Motion to Dismiss to February 2, 2018.

**SO ORDERED** this 9th day of January 2018 at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE